Filed 5/30/25  P. v. Vargas CA2/3

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | B337486 |
| Plaintiff and Respondent, | Los Angeles County Super. Ct. No. SA105778 |
| v. | |
| JUAN JEAIR MOLINA VARGAS, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Lauren Weis Birnstein, Judge.  Affirmed.

Eric R. Larson, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Juan Jeair Molina Vargas appeals from the trial court's verdict finding him guilty of assault with a deadly weapon on Eric Huertas. Molina's counsel has asked us independently to review the record under *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*). We affirm.

According to the testimony at trial, Huertas was at a bar called Mickey's in West Hollywood on November 15, 2021. He left the bar around midnight. When Huertas arrived at his parked car, another car—a red Fiat—was "oddly" parked behind it. He noticed the Fiat had hit his car: Huertas's car had "some scuff marks" and there was dark gray paint from his car on the red Fiat. The Fiat's bumper "was still aligned" with Huertas's car.

A man called out to Huertas from a nearby apartment building. The man said they'd seen the accident, and he "strongly suggest[ed]" Huertas call the police. Huertas did so, then he began taking down the license plate number, as the police had instructed him, and taking photographs.

The sheriffs said they'd send someone, and Huertas was standing by his car, waiting, when he saw a man—later identified as Molina—walking in his direction. Huertas said, "Hello, are you the owner of the red Fiat that's parked behind my car?" Molina replied, "Yes." Huertas said, "[W]ell, clearly you hit my car." Molina replied, "No, I did not."

Huertas pointed out the scuff marks on the Fiat's bumper that "match[ed] the ones" on Huertas's car. Molina replied, "Well, call the cops then." Huertas asked Molina for his "insurance information" and Molina replied, "No, I'm not giving you my insurance information." Molina got into his car, backed up, then drove "with some speed" and hit Huertas's

car again. Molina backed up again, rolled the window down, then "started driving toward [Huertas] again and then into [him]."

Huertas ended up "hunched on top" of the Fiat's hood. Molina kept going and continued to accelerate. Huertas eventually "rolled off the car." X-rays later showed a ruptured disk. Huertas's shoulder, wrist, and foot were swollen.

Moses Acevedo was at Mickey's that night. When he left the bar he heard two men arguing. The engine of a red sports car was revving and Acevedo thought "[s]omebody was going to get hit with a car." He got out his cell phone and started recording. The prosecutor played the video at trial.

Courtney Palmore lived in a first floor apartment facing the street where the incident took place. He looked out his window and saw a man later identified as Huertas on his phone. "[H]e looked distraught." Palmore's wife said she'd heard the car get hit and Palmore yelled to Huertas, "Hey, my wife said she heard your car get hit" about 20 to 30 minutes earlier.

Palmore then saw a person later identified as Molina walking down the sidewalk. Palmore saw and heard the interaction between Huertas and Molina that followed. He saw Molina hit Huertas's car twice. Then, "all of a sudden," Molina "just punched the gas," "[a]ccelerated and pulled forward." "And because [Huertas] at that point was in front of [Molina's] vehicle, [Molina] hit him and [Huertas] ended up on the hood."

According to Palmore, "[Huertas] appeared to be holding on for dear life and [Molina] is accelerating increasingly, not slowing down. Not a small pace. But it appeared that he was pedal to the floor and he was going." Huertas "jumped off the vehicle or rolled off the vehicle right before they crossed the Robertson intersection."

3

The People charged Molina with assault with a deadly weapon—the Fiat—on Huertas, felony vandalism, and misdemeanor hit and run with property damage. The People later moved to amend the information to add a fourth count for felony hit and run when a person has been injured. Between November 2021 and April 2024, there were extensive pretrial proceedings, including competency issues.

After both the People and Molina waived jury, the case proceeded to a court trial in April 2024. Huertas, Acevedo, and Palmore testified, as did three law enforcement witnesses. Molina did not testify or call witnesses. The court found Molina guilty of assault with a deadly weapon on Huertas. In light of the guilty verdict on that count, the People moved to dismiss the three remaining counts and the court granted that motion. The court sentenced Molina to the low term of two years in the state prison. With his credits, Molina had credit for time served and was released on parole.

Molina appealed and we appointed counsel to represent him. After examining the record, counsel filed an opening brief and a declaration stating he had read the entire record on appeal and his "review of the record did not disclose any arguable issues on appeal." A staff attorney at the California Appellate Project, counsel added, also had "reviewed this case, and the staff attorney agrees with my assessment there are no arguable issues." Counsel asked this court independently to review the record under *Wende, supra,* 25 Cal.3d 436. Counsel stated he had sent a letter to Molina's last known address, together with "a copy of the entire record on appeal," and had notified him he could file a supplemental brief within 30 days. We have not received a supplemental brief from Molina.

We have independently reviewed the record and find no arguable issues. We are satisfied that appellant's counsel has fully complied with his responsibilities and that no arguable issues exist. (*People v. Kelly* (2006) 40 Cal.4th 106, 109–110; *Wende, supra,* 25 Cal.3d at p. 441.)

## DISPOSITION

We affirm Juan Jeair Molina Vargas's conviction and sentence.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

EGERTON, Acting P. J.

We concur:

ADAMS, J.

GAAB, J.*

---

*     Judge of the Fresno Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.